IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| NINA SOKOLOVA,<br><br>        Plaintiff,<br><br>   v.<br><br>ZENSAR TECHNOLOGIES, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 3:26-cv-516<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant Zensar Technologies, Inc., ("Defendant") by and through their counsel, hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 to the United States District Court for the Western District of North Carolina, and as grounds therefore state:

### I. Timeliness of Removal

1. On or about December 22, 2025, Plaintiff Nina Sokolova ("Plaintiff") filed a civil action against Defendant in the General Court of Justice, Superior Court Division, for Mecklenburg County, North Carolina, designated as File No. 25CV068809-590. Copies of the Summons and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). No other process, pleadings, or orders have been served upon or received by Defendant in this action to date.

2. Thereafter, Defendant was served with a copy of the Summons and Complaint on or about May 29, 2026. *See* **Exhibit B**.

3. Defendant is timely filing this Notice of Removal within 30 days of service of process, as required by 28 U.S.C. § 1446(b).

## II. Venue

4. The General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina, is located within the Charlotte Division of the United States District Court for the Western District of North Carolina. Therefore, removal to this Court is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C.1441(a).

## III. Basis for Removal: Diversity Jurisdiction

5. This action is properly removable under 28 U.S.C. § 1441(b), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter is controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."

### A. Diversity of Citizenship

6. A corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business. *Cent. W. Va. Energy Co., v. Mt. State Carbon, LLC*, 636 F. 3d 101, 102 (4th Cir. 2011). A corporation's "principal place of business" is its "nerve center," which means "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). Zensar Technologies, Inc. is a California corporation with its principal place of business located in Princeton, New Jersey. *See* **Exhibit C**, Declaration of Jordan Foreman, ¶ 4. Therefore, Defendant is a citizen of California and New Jersey.

7. Upon information and belief, Plaintiff is a resident of New York and is not a citizen of California or New Jersey.

8.    Complete diversity of citizenship exists, and this case is therefore removable under 28 U.S.C. § 1441(b).

**B.    The Amount in Controversy Exceeds $75,000**

9.    Further, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The Complaint is ambiguous as to the amount in controversy, but states that Plaintiff has suffered damages including, but not limited to, relocation and housing expenses, lost wages[1], career disruption, reputational damage, consequential financial losses, and emotional distress as a consequence of Defendant's conduct. (*See* **Exhibit A**, Complaint ¶ 31).

*10.*    It is well-established that the court may consider a plaintiff's settlement demand as evidence of the amount in controversy where such amount is not ascertainable from the Complaint. *See Wood v. Gen. Dynamics Advanced Info. Sys., Inc.,* No. 1:08CV624, 2009 WL 1687967, at *3 (M.D.N.C. June 17, 2009), *report and recommendation adopted*, No. 1:08CV624, 2010 WL 11651771 (M.D.N.C. Jan. 22, 2010)("it is amply clear that the Court may consider evidence outside the complaint in order to determine the amount in controversy," such as a plaintiff's settlement demand.);*Am-Rail Constr., Inc. v. A&K R.R. Materials, Inc*., No. 1:16cv520, 2017 U.S. Dist. LEXIS 12706, at *7-8 (M.D.N.C. Jan. 31, 2017)(same); *Burnette v. Red Roof Inns, Inc*., No. 1:19-cv-320-MOC-WCM, 2020 U.S. Dist. LEXIS 23283, at *6-8 (W.D.N.C. Feb. 11, 2020) (same) *Green v. Caterpillar Inc.*, No. 2:14-CV-26, 2014 WL 4798705, at *3 (W.D.N.C. Sept. 26, 2014)(same). Prior to filing the Complaint, Plaintiff made a settlement demand to Defendant <u>for the amount of $289,000, including $100,000 in damages for emotional, professional, and reputational harm alone</u>. *See* **Exhibit C**, Declaration of Jordan Foreman, ¶ 6.  Accordingly, the amount in controversy is clearly in excess of $75,000.

---

[1] Plaintiff's base salary with Defendant was $160,000 per year. *See* **Exhibit C**, Declaration of Jordan Foreman, ¶ 5.

11.     Thus, this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because complete diversity exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interests and costs.[2]

**IV.     Conclusion**

12.     In accordance with 28 U.S.C. § 1446, copies of this Notice of Removal will be promptly served upon Plaintiff and filed with the Clerk of Superior Court of Mecklenburg County, North Carolina. Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently submitting a Notice of Filing of Notice of Removal for filing with the Clerk of Court for the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina. *See* **Exhibit D**.

12.     By removing this matter, Defendant does not waive or intend to waive any defense, including, but not limited to, insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant removes this case and respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina.

Dated this the 29th day of June, 2026.

---

[2] "[J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332,' ... so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner." *Ellenburg v. Spartan Motors Chassis, Inc*., 519 F.3d 192, 200 (4th Cir. 2008)(internal citations omitted).

Respectfully submitted,

_/s/Carl M. Short III_
Carl M. Short III, NC #46396
*Attorney for Defendant*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704-342-2588
Facsimile:  704-342-4379
Email:  carl.short@ogletree.com

5

**CERTIFICATE OF SERVICE**

I, Carl M. Short III, hereby certify that I have this day electronically filed the foregoing

**NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, and served the

same on the party below via USPS Certified Mail:

Nina Sokolova
1235 East Blvd, Suite E #4354
Charlotte, NC 28203

*Pro Se Plaintiff*

Dated this the 29th day of June, 2026.

/s/Carl M. Short III
Carl M. Short III, NC #46396
*Attorney for Defendant*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704-342-2588
Facsimile:  704-342-4379
Email:  carl.short@ogletree.com

6