**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00516-KDB-MTO**

| | |
|---|---|
| **NINA SOKOLOVA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ZENSAR TECHNOLOGIES, INC.,**<br><br>**Defendant.** | **MEMORANDUM AND ORDER** |

This employment dispute is before the Court on Plaintiff Nina Sokolova's Motion to Remand (Doc. No. 11) and Defendant Zensar Technologies, Inc.'s ("Zensar") Motion to Dismiss (Doc. No. 8). The Court has carefully considered these Motions and the Parties' briefs and exhibits. Having done so, the Court concludes that oral argument on the motions is not necessary and the Motions are ripe for the Court's ruling. For the reasons briefly discussed below, the Court will **DENY** the Motion to Remand, **DENY** the Motion to Dismiss without prejudice, and direct the Parties to show cause why this matter should not be removed from this Court and sent to arbitration in accordance with the Parties' written agreement that mandates arbitration of all disputes between them.

## I. MOTION TO REMAND

In this action, originally filed in North Carolina Superior Court, Plaintiff contends that her former employer Zensar recruited her to be a Senior Business Development Manager in April 2025, and induced her employment based on misrepresented promises of a long-term and stable position, high salary and a relocation-related bonus. (Doc. No. 1-1 at ¶ 6-7). She alleges that in reliance on those representations she relocated from Mexico to Charlotte, North Carolina, incurred

relocation and living expenses, declined other employment opportunities, and materially altered her professional and personal trajectory to work with Defendant. (*Id.* at ¶¶ 12-13). However, Defendant terminated her employment approximately six weeks after she began employment in North Carolina, allegedly causing her significant expenses and other damages. (*Id.* at ¶ 15).

Zensar removed the action to this Court under 28 U.S.C. § 1441(b), based on "diversity of citizenship" jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter is controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Zensar alleged that it is a California corporation with its principal place of business located in Princeton, New Jersey; therefore, it is a citizen of California and New Jersey. (Doc. No. 1 at 2). Plaintiff was alleged to be a resident of New York or otherwise not a citizen of California or New Jersey.

Plaintiff challenges this removal on the grounds that, although she was a resident and domiciled in New York until March 2024, she then left New York and is "stateless" for purposes of 28 U.S.C. § 1332(a). Therefore, she argues that there is an absence of complete diversity. The Court disagrees. Once a person is domiciled in a state, that domicile is presumed to continue until a new domicile is established. *See Desmare v. United States*, 93 U.S. 605, 610 (1876) ("A domicile once existing continues until another is acquired."); *Sadat v. Mertes*, 615 F.2d 1176, 1181 (7th Cir. 1980) (a domicile, once established, continues until a new one supersedes the old one). While Plaintiff claims to have "abandoned" her New York domicile, she has not alleged (much less proven) that she has established a new domicile that destroys diversity. Plaintiff represents that she has temporarily lived in Mexico, France, New York, North Carolina, and the Republic of Georgia since March 2024, but she does not claim to have established a new domicile in any of

these locations since leaving New York. *See* Doc. No. 11-2, ¶ 4. Accordingly, she continues to be domiciled in New York for diversity purposes, and the Motion to Remand must be denied because there is complete diversity between the Parties.

## II. ARBITRATION / MOTION TO DISMISS

However, even though the Parties are diverse, it appears that this dispute cannot remain in this Court. In the employment offer letter agreement that Zensar filed with the Court in support of their Motion to Dismiss (and relies on heavily), the Parties broadly agreed to arbitrate all their disputes, including claims arising prior to the agreement:

> **Arbitration Agreement:** You and the Company mutually agree that any and all existing or future claims or controversies arising out of or relating to your employment, the termination thereof, or otherwise arising between you and the Company, . . . shall, in lieu of a jury or other civil trial, be settled by final and binding arbitration in accordance with the Federal Arbitration Act. This arbitration agreement (the "Arbitration Agreement") includes all claims whether arising in tort or contract and whether arising under statute or common law including, but not limited to, any claim of breach of contract, discrimination, retaliation or harassment of any kind other than claims alleging sexual harassment or sexual assault, and claims for unpaid wages. For avoidance of doubt, this Arbitration Agreement shall include all claims or controversies that may have already arisen between you and the Company. You and the Company also agree to submit claims to the arbitrator regarding issues of arbitrability, the validity, scope, and enforceability of this Arbitration Agreement, the arbitrator's jurisdiction, as well as any gateway, threshold, or any other challenges to this Arbitration Agreement, including claims that this Arbitration Agreement is unconscionable. The arbitration shall be administered by the American Arbitration Association pursuant to their employment arbitration rules ("Rules") in effect at the time of arbitration (see http://www.adr.org) . . .

(Doc. No. 8-1). Under this Arbitration Agreement, the merits of Plaintiff's claims must be decided in an arbitration, not by this Court. Therefore, Zensar's Motion to Dismiss will be denied without prejudice and the Parties directed to show cause on or before 14 days from the date of this Order why this matter should not be closed and the Parties compelled to arbitrate Plaintiff's claims in accordance with their agreement to do so.

## III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Remand (Doc. No. 11) is **DENIED**;

2. Zensar's Motion to Dismiss is **DENIED** without prejudice in light of the Parties' arbitration agreement; and

3. The Parties are directed to show cause on or before 14 days from the date of this Order why this matter should not be closed and the Parties compelled to arbitrate Plaintiff's claims in accordance with their agreement to do so.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 10, 2026

Kenneth D. Bell
United States District Judge